George POLOS, Appellee,

v.

UNITED STATES of America et al., Appellants.

Nos. 76–1348, 76–1483.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 11, 1977.

Decided June 16, 1977.

Donald Etra, Atty., Appellate Sec., Civ. Div., U. S. Dept. of Justice, Washington, D. C., for the United States; Rex E. Lee, Asst. Atty. Gen., Washington, D. C., W. H. Dillahunty, U. S. Atty., Little Rock, Ark. and William Kanter and Paul Blankenstein, Attys., Appellate Sec., Civ. Div., Dept. of Justice, Washington, D. C., on the brief.

Friday, Eldredge & Clark by Hermann Ivester, Little Rock, Ark., for George Polos.

Before LAY, ROSS and WEBSTER, Circuit Judges.

WEBSTER, Circuit Judge.

George Polos, a former civilian technician employed by the Arkansas Air National Guard, brought this action in the United States District Court for the Eastern District of Arkansas, contending he was improperly denied a position as a federal employee to which he was entitled under the National Guard Technicians Act of 1968, 32 U.S.C. § 709, and the Selective Service Act, 50 U.S.C. App. § 459. Named as defendants were the United States, the Secretary of the Air Force, the Adjutant General of the Arkansas National Guard, and the Chief of the National Guard Bureau. The District Court found that it had jurisdiction of the action under the Administrative Procedure Act, 5 U.S.C. § 702, that Polos had been improperly denied employment, and that he was entitled to relief, including reinstatement and $79,939.36 in back pay. The United States appeals.

Polos was employed as a civilian technician by the Arkansas Air National Guard from March, 1947, until the events giving rise to this suit. He was also a member of the Air National Guard. On January 26, 1968, his National Guard unit was called to active duty in the United States Air Force. He served with his unit until January 14, 1969, when he was informed that, because of a physical disability, he would be honorably discharged from the Air Force and the Air National Guard. By letter issued February 4, 1969, with effective date January 15, 1969, he was discharged from the Guard.

On January 1, 1969, the National Guard Technicians Act, Pub.L. 90–486, 82 Stat. 755, became effective. Under this Act, codified at 32 U.S.C. § 709, civilian technicians formerly employed by the states became employees of the United States. These technicians were entitled to retroactive participation in the Civil Service Retirement program, see 5 U.S.C. § 8332(b)(6), and to other benefits accorded federal employees.

On January 15, 1969, the day after he was informed of impending discharge from the Air National Guard, Polos sought reinstatement to his civilian position. He was informed by the Chief of the National Guard Bureau that because he was no longer a member of the National Guard, he was not eligible for re-employment as a civilian technician.[1] Polos sought review of this ruling before the Civil Service Commission; his claim was denied by the Commission's Regional Office, and its Board of Appeals and Review.

On February 1, 1972, Polos filed this action. He contended that he was not discharged from the National Guard until February 4, 1969, when the order discharging him effective January 15, 1969, was prepared. He contended that he was thus eligible for the civilian position, and that the failure to accord him federal employee status as of January 1, 1969, violated the National Guard Technicians Act. He further asserted that the failure to restore him to his

---

1. Title 32 U.S.C. § 709 provides in part:

    (b) Except as prescribed by the Secretary concerned, a technician employed under subsection (a) shall, while so employed, be a member of the National Guard and hold the military grade specified by the Secretary concerned for that position.

former position violated the Selective Service Act, 50 U.S.C. App. § 459.[2]

After the defendants answered, Polos and the government moved for summary judgment. The District Court, finding no disputed questions of material fact, granted Polos' motion for summary judgment, finding that his statutory right to re-employment had been violated. It entered an order granting Polos extensive relief, including $79,939.36 in back pay and reinstatement until termination in accordance with law.[3]

■ We conclude that the District Court was without jurisdiction to entertain this suit on the merits, and that the appropriate course is a transfer to the Court of Claims, pursuant to 28 U.S.C. § 1406(c). We reverse the judgment and remand to the District Court for the purpose of transfer.

The District Court found jurisdiction under the Administrative Procedure Act, 5 U.S.C. § 702. This was erroneous, in light of the Supreme Court's recent determination that the APA is not an independent source of federal jurisdiction. *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977). This Court had earlier reached the same conclusion in *Twin Cities*

*Chippewa Tribal Council v. Minnesota Chippewa Tribe*, 370 F.2d 529 (8th Cir. 1967).

It is evident that Polos' principal claims are for back pay (an amount the District Court found to be $79,939.36) and for participation in the Civil Service Retirement program. While Polos contends he was entitled to reinstatement, he concedes that he could not retain the civilian technician position, because he is no longer a member of the Arkansas Air National Guard. *See* 32 U.S.C. § 709(b). He does not seriously dispute that, even if reinstated, he could be discharged on thirty days' notice. 32 U.S.C. § 709(e)(6).[4]

■ Polos' claim, then, is essentially one against the United States for the payment of damages. Such a claim, when in excess of $10,000, is within the exclusive jurisdiction of the Court of Claims. *Crawford v. Cushman*, 531 F.2d 1114, 1126 n. 17 (2d Cir. 1976); *Warner v. Cox*, 487 F.2d 1301, 1305 (5th Cir. 1974); *Mathis v. Laird*, 483 F.2d 943 (9th Cir. 1973); *Carter v. Seamans*, 411 F.2d 767, 771 (5th Cir. 1969), *cert. denied*, 397 U.S. 941, 90 S.Ct. 953, 25 L.Ed.2d 121 (1970). The District Court was therefore without jurisdiction to enter the judgment complained of.[5]

2. Title 50 U.S.C. App. § 459(e) [now recodified as 38 U.S.C. § 2023] provides:

(1) Any person who is entitled to be restored to a position in accordance with the provisions of paragraph (A) of subsection (b) and who was employed, immediately before entering the armed forces, by any agency in the executive branch of the Government or by any Territory or possession, or political subdivision thereof, or by the District of Columbia, shall be so restored by such agency or the successor to its functions, or by such Territory, possession, political subdivision, or the District of Columbia.

3. The District Court also granted Polos an injunction restraining appellants from terminating his employment "except in the manner provided by law" and directing them to grant him credit for accumulated annual leave and sick leave, participation in the Civil Service Retirement program, group life and accidental death insurance, health insurance, and participation in an income replacement insurance program.

4. Polos claims that he is entitled, under 50 U.S.C. App. § 459(c)(1), not to be discharged

without cause within one year of his restoration. He does not dispute, however, that failure to comply with the statutory requirement of National Guard membership is adequate cause for discharge from the technician position.

5. Polos advances several alternate bases for jurisdiction: the mandamus statute (28 U.S.C. § 1361); the federal question statute (28 U.S.C. § 1331); the insurance statutes (5 U.S.C. § 8715); and the Selective Service Act (50 U.S.C. App. § 459(d)) [now 38 U.S.C. § 2022]. There are serious problems with each of these as a source of jurisdiction to enter the judgment below. It is sufficient for our purposes that use of any of these statutes to entertain a claim and to grant a judgment for damages greater than $10,000 would infringe on the exclusive jurisdiction of the Court of Claims. *See Carter v. Seamans, supra*, 411 F.2d at 771.

This is not a suit against a federal officer seeking disbursement of appropriated funds, in which federal question jurisdiction has been

Title 28 U.S.C. § 1406(c) governs the disposition of a case of this type:

> If a case within the exclusive jurisdiction of the Court of Claims is filed in a district court, the district court shall, if it be in the interest of justice, transfer such case to the Court of Claims, where the case shall proceed as if it had been filed in the Court of Claims on the date it was filed in the district court.

 Transfer to the Court of Claims is plainly in the interest of justice in this case. Under 28 U.S.C. § 1491, *as amended* Act of Aug. 29, 1972, Pub.L.No.92–415, § 1, 86 Stat. 652, that court has the power to grant all relief sought in this action, including, in addition to damages, "orders directing restoration to office or position, placement in appropriate duty or retirement status, and correction of applicable records * * *."[6]

 The judgment of the District Court is reversed, and the cause remanded with directions to transfer to the Court of Claims.[7]

held to be appropriate. *See State Highway Commission of Missouri v. Volpe*, 479 F.2d 1099, 1105 (8th Cir. 1973). Rather, it is a suit for money damages against the United States. *See Gnotta v. United States*, 415 F.2d 1271, 1277 (8th Cir. 1969), *cert. denied*, 397 U.S. 934, 90 S.Ct. 941, 25 L.Ed.2d 115 (1970). The Tucker Act supplies jurisdiction for such claims only in the Court of Claims and is not in itself a waiver of sovereign immunity. *United States v. Testan*, 424 U.S. 392, 398, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976). The waiver may be found in the Back Pay Act, 5 U.S.C. § 5596.

6. Although, by operation of 28 U.S.C. § 1406(c), this suit will be treated as if it had been filed in the Court of Claims prior to the 1972 amendments to § 1491, Polos will have the benefit of those amendments. They apply to all judicial proceedings "*pending on* or instituted after" August 29, 1972. Pub.L. 92–415, § 2, 86 Stat. 652 (emphasis supplied).

7. In a cross-appeal, Polos claimed entitlement to attorneys fees for prosecution of his claim. In light of our disposition of the principal appeal, we conclude that the District Court did not err in denying the request for attorneys fees.