**Leo E. STANLEY, Plaintiff,**

v.

**COMMISSIONERS, U.S. CIVIL SERVICE COMMISSION, and Patricia Roberts Harris, Secretary, Health and Human Services, Defendants.**

No. 78–0387–CV–W–5.

United States District Court,
W. D. Missouri, W. D.

Dec. 8, 1980.

**64**

Galen Beaufort, Legal Aid of Missouri, Kansas City, Mo., for plaintiff.

Judith M. Strong, Asst. U.S. Atty., Kansas City, Mo., for defendants.

## ORDER

SCOTT O. WRIGHT, District Judge.

Plaintiff, Leo E. Stanley, has petitioned this Court to review the decision of the United States Civil Service Commission denying his request for reinstatement as a Records Analyst Clerk with the Social Security Administration of the Department of Health, Education and Welfare (now the Department of Health and Human Services). The plaintiff states in his petition that the jurisdiction of this Court is invoked pursuant to 5 U.S.C. §§ 701 through 706 of the Administrative Procedure Act and 28 U.S.C. § 1331. The defendants have moved for dismissal of this action for lack of subject matter jurisdiction, or in the alternative, for summary judgment. For the reasons stated, defendants' motion to dismiss is denied, and defendants' motion for summary judgment is granted.

## FACTS

The plaintiff was a Records Analyst Clerk with the Social Security Administration. During 1976, he began experiencing difficulties in his employment situation. After a number of conferences with his supervisors, plaintiff received a 90-day notice of unsatisfactory performance dated January 21, 1977. Following a short absence from duty, plaintiff telephoned his resignation to the Agency on February 8, 1977. Later that same day, the Agency called plaintiff to determine the effective date of his resignation. Plaintiff's supervisor suggested an effective date of February 4, 1977 because that was the last date plaintiff had been to work and because it would simplify bookkeeping. Plaintiff agreed to designate February 4, 1977 as the effective date of his resignation. On February 9, 1977, the plaintiff attempted to withdraw his resignation. The Agency agreed to consider plaintiff's withdrawal, provided he obtain medical evidence to show that he was not capable of making a rational decision to resign. Plaintiff never provided this evidence to the Agency. On February 23, 1977, plaintiff called the Agency and requested the Agency to consider his earlier resignation effective. On February 28, 1977, plaintiff wrote a letter to the Agency which confirmed and restated his earlier resignation.

By letter dated April 24, 1977, the plaintiff appealed for reinstatement to the Federal Employee Appeals Authority (FEAA) of the Civil Service Commission. On June 16, 1977, the FEAA concluded that the plaintiff had voluntarily resigned and denied his appeal for reinstatement. The plaintiff appealed this decision to the Commission's Appeals Review Board, which on October 4, 1977 denied his request to reopen the case. The plaintiff then sought to have his case reopened and reviewed by the Commissioners. This request was denied on November 8, 1977, and the plaintiff filed this suit seeking judicial review of the FEAA's decision.

## JURISDICTION

■ The defendants argue that under the Tucker Act, 28 U.S.C. § 1346(a)(2), the Court of Claims has exclusive jurisdiction over this action because plaintiff's incidental claim for back wages involves a claim for money damages against the United States in excess of $10,000. In support of their argument, defendants cite *Polos v. United States*, 556 F.2d 903 (8th Cir. 1977), in which the Eighth Circuit held that when an action for review of an administrative decision is *essentially* a claim against the United States for the payment of money damages in excess of $10,000, the Court of Claims has exclusive jurisdiction.

Plaintiff argues that his claim is *essentially* one for reinstatement rather than money damages, and, therefore, this Court has jurisdiction over the subject matter of this lawsuit. Plaintiff's argument was accepted by the Eighth Circuit in its recent opinion, *Giordano v. Roudebush*, 617 F.2d 511, 515 (8th Cir. 1980). In *Giordano*, the Eighth Circuit distinguished *Polos* on the basis that the plaintiff's claims in *Giordano* were primarily nonmonetary, even though his incidental claim for back wages would exceed $10,000. The Court indicated that it would be proper for the district court to transfer the monetary claim to the Court of Claims, while retaining jurisdiction over all equitable claims.

Jurisdiction over the issue of reinstatement properly lies with this Court, and defendants' motion to dismiss is denied. The transfer of plaintiff's monetary claim to the Court of Claims is unnecessary in this instance because this Court finds that plaintiff is not entitled to reinstatement, and, therefore, he is not entitled to back wages.

## MOTION FOR SUMMARY JUDGMENT

■ The standard for judicial review of an administrative action was set forth in *Citizens To Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971). A reviewing court must set aside an agency action if the action was " 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law' or if the action failed to meet statutory, procedural, or constitutional requirements . . . [or] if the action was not supported by 'substantial evidence.' " 401 U.S. at 414, 91 S.Ct. at 822. The Court further stated that "the ultimate standard of review is a narrow one. The court is not empowered to substitute its judgment for that of the agency." 401 U.S. at 416, 91 S.Ct. at 824.

The plaintiff asserts that the FEAA's decision denying him reinstatement because it found that he voluntarily resigned was arbitrary, capricious, an abuse of discretion, and not supported by substantial evidence. Plaintiff argues that his resignation was not voluntary, but coerced and submitted only under duress brought on by government actions. Plaintiff refers to several events which he characterizes as coercive. First, the 90-day notice of unsatisfactory performance allegedly pressured the plaintiff into making his initial resignation because he feared termination. Second, his supervisor suggested setting a past date for the effective date of his resignation. Third, the Agency required plaintiff to provide medical evidence of his mental incompetency before they would allow him to withdraw his resignation. Finally, the Agency allegedly pressured the plaintiff into submitting a written resignation, which he did February 28, 1977.

■ The test for determining whether there was coercion or duress is "(1) that one side involuntarily accepted the terms of another; (2) that circumstances permitted no other alternative; and (3) that said circumstances were the result of coercive acts of the opposite party." *Christie v. United States,* 207 Ct.Cl. 333, 518 F.2d 584, 587 (Ct.Cl.1975).

■ Upon review of the facts as they appear in the administrative record, this Court concludes that the plaintiff has failed to show that his resignation was extracted by external coercion or duress. His resignation tendered February 8, 1977 was voluntarily made as a matter of law. *Christie v. United States, supra.* Furthermore, he voluntarily agreed to set February 4, 1977 as the effective date of his resignation. The record is totally devoid of any evidence that suggests he was forced to accept that date as the effective date. Even though the Agency suggested that date, plaintiff agreed to it by his own choice. He had the alternative of refusing it and setting another date. The record fails to show that he tried to do this. Once the effective date of his resignation had passed, the Agency was under no obligation to allow him to withdraw it. In any event, plaintiff later voluntarily confirmed his earlier resignation by a letter dated February 28, 1977. The record supports the legality of the Agency's action, and plaintiff's petition for reinstatement must be dismissed. Accordingly, it is hereby

ORDERED that defendants' motion to dismiss for lack of subject matter jurisdiction is denied. It is further

ORDERED that defendants' motion for summary judgment is sustained, and the plaintiff's petition for reinstatement is dismissed. The parties will bear their own costs.