**Rudolf W. JESKO and Gladys M. Jesko**

v.

**The UNITED STATES.**

**No. 325–81C.**

United States Claims Court.

Nov. 22, 1983.

---

**9.** *See* n. 5, *supra.*

Larry D. Sherman, Amarillo, Tex., for plaintiff.

Allen C. Peters, Washington, D.C., with whom was Asst. Atty. Gen., J. Paul McGrath, Washington, D.C., for defendant.

## ORDER

COLAIANNI, Judge:

This case, involving an alleged breach of contract by the Farmers' Home Administration (FmHA) to loan a total of $6,157,720 to plaintiffs is now before the court on the plaintiffs' motion to sever those portions of its contract claim requesting equitable relief, to transfer those portions back to the United States District Court for the District of New Mexico[1], and to suspend proceed-

ings in this court pending the district court's final disposition of the transferred portions. Defendant opposes this motion and moves for dismissal of those equitable portions of plaintiffs' claim as beyond the jurisdiction of any court to grant. For the reasons stated below, we deny plaintiffs' motion to sever, transfer, and suspend proceedings, and grant defendant's motion for partial dismissal.

### Facts

The following brief account of the facts should sufficiently set in context the issues now before the court. Plaintiffs' recitation of the facts giving rise to this action is adopted by the court for the sole purpose of ruling on the present motions.

On December 12, 1978, plaintiffs applied to the FmHA for three loans, in the amounts of $3,277,540, $3,820, and $2,877,360. Though initially denied, plaintiffs eventually obtained final approval for those loans from the FmHA after several appeals and reviews within the agency. That approval was granted on April 18, 1979. For the next nine months the FmHA continued to assure plaintiffs that the loans were approved and funds would be advanced. On January 25, 1980, however, the FmHA unilaterally revoked the agreement and cancelled all three loans.

Plaintiffs brought suit in the United States District Court for the District of New Mexico on May 8, 1980, essentially seeking review of the FmHA's cancellation of the loans, reinstatement of those loans, advancement of funds under the loan agreements, and money damages arising out of the loans' cancellation. The district court noted, in its Memorandum Opinion and Order of transfer and partial dismissal, that plaintiffs were praying for five methods of relief: (1) A declaratory judgment that plaintiffs were entitled to receive the funds pursuant to the approved loan applications, (2) a writ of mandamus compelling defendant to complete the loans and ad-

---

1. Plaintiffs initially filed this action in the United States District Court for the District of New Mexico, but on April 30, 1981, that court trans-ferred the case to our predecessor court, the Court of Claims.

vance the funds, (3) a mandatory injunction to complete the loans and advance the funds, (4) a court order reinstating the loans, and (5) money damages for breach of the agreement to make the loans. *See Jesko v. United States,* No. 80–324–JB, slip. op. at 3–4 (D.N.M. Apr. 30, 1981). Plaintiffs grounded jurisdiction on the following statutes: 5 U.S.C. §§ 701–706 (Administrative Procedure Act), 28 U.S.C. §§ 2201–2202 (declaratory judgment), 28 U.S.C. § 1361 (mandamus), 28 U.S.C. § 1346(a)(2) (Tucker Act), 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 1346(b).

On April 30, 1981, the district court, after finding it had no jurisdiction to consider plaintiffs' claims[2] and after finding that exclusive jurisdiction, if any, for those claims lay in the Court of Claims, transferred the case to our predecessor court.[3] *Id.* at 6.

In its current form, plaintiffs' case presents two broad grounds for relief: An equitable prayer, in essence asking for specific performance of the loan contracts, and a demand for money damages in excess of $10,000 for breach of those contracts. Neither party contests this court's jurisdiction under 28 U.S.C. § 1491(a)(1) to grant plaintiffs damages under their breach of contract claim. The equitable portion of plaintiffs' claim, however, is here at issue. On September 20, 1983, plaintiffs moved this court to sever the portion of its case requesting equitable relief, transfer that portion back to the United States District Court for the District of New Mexico, and suspend proceedings on the retained portion of the case pending the district court's final disposition of the plaintiffs' equitable claim. On September 26, 1983, defendant moved for dismissal of those equitable claims.

*Discussion*

This case is now before the court on plaintiffs' motion to sever, transfer, and suspend proceedings and defendant's partial motion to dismiss. Upon review of the parties' pleadings, briefs, and cited authority, and after full consideration of the arguments made by counsel at the hearing held on November 16, 1983, this court denies plaintiffs' motion to sever and transfer their equitable claims back to the United States District Court for the District of New Mexico and grants defendant's motion to dismiss those claims.

■ The doctrine of sovereign immunity precludes suit against the United States without its consent. *United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1940); *International Engineering Co., Division of A–T–O, Inc. v. Richardson,* 512 F.2d 573, 577 (D.C.Cir.1975), *cert. denied,* 423 U.S. 1048, 96 S.Ct. 774, 46 L.Ed.2d 636 (1976). The United States may waive its immunity and may limit that waiver by any conditions it chooses, including the forum in which a claim may be heard and the relief that may be granted. *Id.*

■ The parties are essentially in agreement, and this court finds, that the United States Claims Court is without jurisdiction to grant plaintiffs the equitable relief they have requested. *See Richardson v. Morris,* 409 U.S. 464, 465–66, 93 S.Ct. 629, 630–31, 34 L.Ed.2d 647 (1973) (per curiam); *United States v. King,* 395 U.S. 1, 3–5, 89 S.Ct. 1501, 1502–1503, 23 L.Ed.2d 52 (1968). For that reason, plaintiffs have moved to transfer back to the district court those portions of its claim asking for such relief. We cannot agree with plaintiffs, however, that the district court would have such jurisdic-

---

**2.** The sole exception to this finding concerned plaintiffs' claim in tort under 28 U.S.C. § 1346(b), which lay within the exclusive jurisdiction of the district court. The district court dismissed that claim without prejudice, however, for reasons not at issue here.

**3.** On September 22, 1981, all action in the case was suspended while plaintiffs sought review of the district court's action. The United States Court of Appeals for the Tenth Circuit entered an order on July 11, 1983, dismissing the appeal on the basis that the district court's order transferring the case to the Court of Claims was not a final, appealable order. Prosecution of the case was reactivated on September 20, 1983, upon plaintiffs' filing of their motion to sever, transfer, and suspend proceedings.

tion over this contract case. We base our decision on the relevant statutes, applicable case law, and congressional intent vesting this court with exclusive jurisdiction over contract cases.

Through the Tucker Act, Congress granted this court exclusive jurisdiction over implied-in-fact and express contract claims against the government, with the limited reservation of concurrent power in the district courts for claims involving no more than $10,000.[4] *See* 28 U.S.C. §§ 1346(a)(2), 1491; *American Science and Engineering, Inc. v. Califano,* 571 F.2d 58, 62 (1st Cir. 1978). Congress was also explicit in the sole type of relief available: money damages. *See, e.g., United States v. King,* 395 U.S. at 3–5, 89 S.Ct. at 1502–1503; *International Engineering Co. v. Richardson,* 512 F.2d at 577.

Given the limited waiver of sovereign immunity, and Congress' clear desire to ensure that contract disputes be heard and settled within the confines of the judicial system it has established, this court must be wary of any party's attempt to circumvent this court's review of contract claims to obtain relief that Congress has not permitted. Despite plaintiffs' arguments to the contrary, the claim they press is simply one for breach of contract, and "[t]hat is borne out by the relief * * * requested: enforcement of the agreements or money damages." *American Science and Engineering, Inc. v. Califano,* 571 F.2d at 61. Attempts to recast contract disputes in order to bring them within the equitable jurisdiction of the district courts have been rejected previously and will be rejected here. *See, e.g., id.* at 61–62, and cases cited therein.

As noted above, no relief other than money damages is authorized for the FmHA's alleged breach of the loan contracts. For this court to sanction plaintiffs' claims for equitable relief by transferring them back to the district court would undermine the

clear Congressional purpose to limit relief and to designate the forum for contract disputes. In *Alabama Rural Fire Insurance Co. v. Naylor,* 530 F.2d 1221 (5th Cir.1976), the Fifth Circuit rejected a similar attempt to circumvent Congress' limited waiver of sovereign immunity. That court stated:

> Should we hold in this controversy that the district court had jurisdiction * * * to exercise its equitable powers so as in effect to compel the United States to perform the disputed contract we would, as was eschewed in *Warner v. Cox* [487 F.2d 1301 (5th Cir.1974) ], *supra,* and *International Engineering* [512 F.2d 573], *supra,* be destroying the jurisdiction of the Court of Claims by implication. [Footnote omitted.]

*Id.* at 1230; *see also American Science and Engineering, Inc. v. Califano,* 571 F.2d at 62–64.

On transferring the entire case to this court, the district court was of the same opinion. *See, e.g., Jesko v. United States,* No. 80–325–JB, slip op. at 5, *citing American Science and Engineering, Inc. v. Califano,* 571 F.2d 58.

### Conclusion

Plaintiffs' motion to sever, transfer the equitable portions of this case, and to suspend proceedings in this court IS DENIED. Defendant's motion to dismiss those portions of plaintiffs' claim seeking declaratory and injunctive relief and a writ of mandamus IS GRANTED.

---

4. When granting the district courts jurisdiction over contract claims "not exceeding $10,000 in amount," pursuant to 28 U.S.C. § 1346(a)(2), Congress made that jurisdiction concurrent with the Claims Court's, allowing the district courts no greater latitude in the relief they could grant in contract claims. *See Richardson v. Morris,* 409 U.S. at 465–66, 93 S.Ct. at 630–31; *United States v. Sherwood,* 312 U.S. at 591, 61 S.Ct. at 771; *International Engineering Co. v. Richardson,* 512 F.2d at 577, n. 4.