**Ernest B. MORRISON and Edith W. Morrison, Plaintiffs,**

**v.**

**UNITED STATES FARMERS HOME ADMINISTRATION; Stephen G. Gaines, Rankin County FmHA Supervisor; Eugene F. Love; Charlie Mae Ellis, FmHA Deputy District Two Director; Douglas R. Shumaker, FmHA District Two Director, Defendants.**

**Civ. A. No. J86–0421(L).**

United States District Court,
S.D. Mississippi,
Jackson Division.

Sept. 21, 1987.

Charles H. Ramberg, Jackson, Miss., for plaintiffs.

Asst. U.S. Atty., L.A. Smith, III, Jackson, Miss., for defendants.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

This cause is before the court on motions of the defendants, the United States Farmers Home Administration (FmHA), Stephen G. Gaines, Eugene F. Love, Charlie Mae Ellis and Douglas R. Shumaker, to dismiss or for summary judgment.[1] In support of their motions, defendants assert that this court lacks jurisdiction under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 *et seq.*, and the Tucker Act, 28 U.S.C. § 1346(a)(2). Since plaintiffs, Ernest B. Morrison and Edith W. Morrison, have conceded that this court lacks jurisdiction under the FTCA[2], this court need only consider the issue of Tucker Act jurisdiction.

In their complaint, the Morrisons allege that the FmHA, through its officials, acted wrongfully in declining to disburse loan proceeds, failing to close loans and withholding crop proceeds. In sum, the Morrisons allege that the FmHA has violated its own regulations and provisions of the loan agreements which it entered into with the Morrisons. In their response to the defendants' motion, the Morrisons have abandoned all monetary claims but assert that this court still has jurisdiction over their claims for injunctive relief.

---

1. The individual defendants, present and former officials of the FmHA, have moved to dismiss on the grounds of improper service of process, statute of limitations and immunity. Because of this court's ruling on the jurisdiction issue, it is unnecessary to consider these grounds on the merits.

2. The Morrisons admit that they have not followed the procedures required by 28 U.S.C. § 2675(a) and that this failure to seek administrative relief deprives this court of jurisdiction over any FTCA claim.

Under 28 U.S.C. § 1346(a)(2), the district courts and the United States Claims Court have concurrent jurisdiction over contract claims against the United States if the amount in controversy is less than $10,000. If the amount in controversy exceeds $10,000, exclusive jurisdiction is in the Claims Court under 28 U.S.C. § 1491(a)(1) which provides as follows:

[t]he United States Claims Court shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

In *Rogers v. Ink*, 766 F.2d 430 (10th Cir. 1985), the court defined the criteria for determining whether a suit against the United States was within the exclusive jurisdiction of the Claims Court. The suit must be (1) against the United States, (2) seek damages in excess of $10,000 and (3) be founded upon the Constitution, a federal statute, an executive regulation or government contract. *Id.* at 433 (citing *Portsmouth Redev. Hous. Auth. v. Pierce*, 706 F.2d 471, 473 (4th Cir.), *cert. denied* 464 U.S. 960, 104 S.Ct. 392, 78 L.Ed.2d 336 (1983)). The Morrisons' suit is clearly against the United States and is founded on a government contract.[3] Thus the only issue to be resolved is whether plaintiffs seek damages in excess of $10,000.

In response to defendants' motion, the Morrisons have waived all monetary claims and request that this court require the FmHA to release 1984 crop proceeds. The Morrisons assert that this is a prayer for injunctive relief and the parties have agreed at oral argument that the funds involved exceed $10,000.

■ A plaintiff's decision to denominate what is in essence a claim for money damages as a prayer for injunctive relief does not defeat the jurisdiction of the Claims Court. *See American Science and Eng'g,*

*Inc. v. Califano*, 571 F.2d 58, 61 (1st Cir. 1978). In *Rogers v. Ink*, the Tenth Circuit stated that

[s]everal courts have noted that "when the 'prime objective' or 'essential purpose' of the complaining party is to obtain money from the federal government (in an amount in excess of $10,000), the Claims Court's exclusive jurisdiction is triggered." ... A party may not circumvent the Claims Court's exclusive jurisdiction by framing a complaint in the district court as one seeking injunctive, declaratory or mandatory relief where the thrust of the suit is to obtain money from the United States.

*Rogers*, 766 F.2d at 434 (quoting *New Mexico v. Regan*, 745 F.2d 1318, 1322 (10th Cir.1984), *cert. denied* 471 U.S. 1065, 105 S.Ct. 2138, 85 L.Ed.2d 496 (1985)) (other citations omitted).

■ The relief which plaintiffs denominate as injunctive is that the individual defendants be "enjoined to release any and all liens, claims or other demands that they have or purport to have against proceeds of the Morrisons' 1984 crops so that those proceeds can be used to pay the Morrisons' 1984 unpaid farm operating expenses." It is obvious that the Morrisons' prime objective is to obtain money from the federal government. The court is of the opinion that, since the purpose of this lawsuit is to obtain an amount in excess of $10,000 from the United States, this case is within the exclusive jurisdiction of the Claims Court.

Accordingly, it is ordered that defendants' motions to dismiss are granted and this cause will be dismissed without prejudice to allow plaintiffs to re-file, if they so choose, in the Claims Court. A separate judgment of dismissal will be entered pursuant to Federal Rule of Civil Procedure 58.

---

3. The Claims Court has entertained jurisdiction in disputes over loan obligations between farmers and the FmHA. *See Nutt v. United States*, 12 Cl.Ct. 345 (1987); *Pettersen v. United States*, 10 Cl.Ct. 194, *aff'd* 807 F.2d 993 (Fed.Cir.1986); *Cleveland v. United States*, 9 Cl.Ct. 741 (1986).