**Thomas William IRELAND, Appellant,**

v.

**George P. SHULTZ, Secretary of State.**

No. 86–5355.

United States Court of Appeals, District of Columbia Circuit.

Argued Sept. 10, 1987.

Decided Oct. 2, 1987.

---

Michael J. Kator, with whom Joseph B. Scott, Washington, D.C., was on the brief, for appellant.

Bradley L. Kelly, Asst. U.S. Atty., with whom Joseph E. diGenova, U.S. Atty., Royce C. Lamberth and Michael J. Ryan, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before ROBINSON, STARR and SILBERMAN, Circuit Judges.

Opinion PER CURIAM.

PER CURIAM:

This appeal brings before us a challenge by a former Department of State employee to his termination from federal employment a generation ago. The principal issue is whether the District Court erred in refusing to grant injunctive relief to appel-lant in the form of "retroactive reinstate-ment" to his former position. For the reasons that follow, we agree with the District Court's ultimate conclusion that equitable relief should not lie.

The facts can be briefly stated. Mr. Ireland was employed by the State Department as a Foreign Service Staff Officer [1] in Europe. In late 1953, Mr. Ireland was notified of his impending termination from employment by virtue of a service-wide reduction in force. Prior to his actual separation, however, a departmental order issued cancelling the termination notices of Mr. Ireland and three other specialists in what the Department termed "exotic" foreign languages. This happy turn of events never bore fruit, however, and indeed was never made known to Mr. Ireland. Only three days after the uncommunicated reprieve, the State Department's Inspector General filed a report critical of Mr. Ireland's personal conduct and job performance. Upon receipt of this unflattering report, the Department directed that appel-lant's reduction-in-force notice remain in effect. Mr. Ireland dutifully returned to the United States and sought other positions with his former employer, as well as with other agencies, but all for naught.

Mr. Ireland thereafter pursued other careers over the span of almost three decades. Finally, in 1981 appellant became interested once more in seeking employment at the State Department or elsewhere in the federal government and requested copies of his employment records pursuant to the Privacy Act, 5 U.S.C. § 552a(d) (1982). After some skirmishing at the administrative level, Mr. Ireland's veil of ignorance was lifted by the disclosure of what had theretofore been known only within the bureaucracy; he thereupon repaired to federal district court. His complaint, as amended, set forth claims of wrongful termination, violations of the Privacy Act, and discrimination based upon the national origin of his wife. His prayer

1. Plaintiff's Second Amended Complaint asserts that Mr. Ireland was a Foreign Service Officer, rather than a *Staff* Officer. *See* Joint Appendix ("J.A.") at 9.

for relief, as pertinent to this appeal,[2] sought an order requiring the Secretary "retroactively to reinstate plaintiff to his position in the Foreign Service." Plaintiff's Second Amended Complaint, J.A. at 12.

Following a bench trial, the District Court held that "[t]here can be no genuine dispute that plaintiff was terminated based on the Inspector General's report." J.A. at 16. In so concluding, the court relied expressly upon the Secretary's stipulation that

> [p]laintiff could not legally have been terminated from his position for cause or for poor performance until the grounds for such action had been established at a hearing.
>
> The rescission of plaintiff's exemption from the reduction in force was unrelated to the monetary constraints which necessitated the reduction in force and the exercising of assignment rights which displaced plaintiff. The reasons for the rescission were personal to plaintiff.

J.A. at 16–17 *citing* Court Ex. A, Stipulation of Material Facts ¶¶ 12, 13.[3]

Hence, in the District Court's view, Mr. Ireland's claim for equitable relief was, in essence, that he was removed from his position without a pre-termination hearing. The court concluded, however, that "to order a hearing at this point would be useless." J.A. at 17. The trial court advanced the following reasons in support of this conclusion:

> Many of the parties involved have died and the others, including plaintiff, have forgotten many of the events involved. The Inspector's report and other records filed in this case suggest some of the reasons plaintiff was unsuccessful in obtaining another position with the State Department or any other agency during

the last thirty years. Based on the entire record the Court is persuaded that the outcome of a hearing would not be favorable to plaintiff. Moreover, even a favorable outcome would not result in the reinstatement plaintiff seeks. Plaintiff is beyond the mandatory retirement age. It has been over thirty-two years since he was terminated. Finally, plaintiff has a more appropriate remedy at law. In cases such as this, a court of equity's hands are stayed and monetary relief, although perhaps not necessarily fully adequate, must suffice. Jurisdiction for plaintiff's claim for monetary relief lies in the Court of Claims, not in this Court.

J.A. at 17–18 (citation omitted).

On appeal, Mr. Ireland vigorously contends that he is entitled to retroactive reinstatement. In his view, he is entitled to the emoluments of his office until such time as he has been lawfully terminated. For this proposition he relies primarily on *Vitarelli v. Seaton*, 359 U.S. 535, 79 S.Ct. 968, 3 L.Ed.2d 1012 (1959) (former employee of the Department of the Interior was entitled to reinstatement when his dismissal was not in compliance with departmental regulations, even though he could have been discharged summarily without cause). He also takes umbrage at the District Court's failure to provide declaratory relief pursuant to 28 U.S.C. § 2201 (1982).

The Government, while not challenging the District Court's factual determination that appellant was denied his right to a pre-termination hearing, defends the trial court's judgment on several grounds. Principally, the Secretary maintains that the requested remedy of reinstatement is meaningless at this late juncture, inasmuch as Mr. Ireland, as the District Court expressly found, is beyond the age of mandatory retirement.[4]

---

**2.** Appellant's previously pressed claims based upon the Privacy Act and national origin discrimination are not at issue in this appeal.

**3.** At oral argument, counsel for the Government conceded that Mr. Ireland's dismissal from the Foreign Service had been illegal and that the District Court's finding to that effect would, in

counsel's view, be res judicata in any proceedings in the United States Claims Court.

**4.** At oral argument appellant's counsel placed some emphasis upon the fact that Mr. Ireland had been a Foreign Service *Staff* Officer, *but see supra* note 1, and that it was by no means certain that the mandatory retirement provi-

■ In our view, the District Court acted properly in denying equitable relief under the specific circumstances of this case. Equitable relief in the form of reinstatement "to [appellant's] position in the Foreign Service," Plaintiff's Second Amended Complaint, J.A. at 12, could not be meaningfully granted since Mr. Ireland last served in the State Department a full generation ago. Although appellant insists that he is presently interested in employment at the State Department, his interest in renewed employment is scarcely the same as reinstatement to a specialized post in Europe from which he was improperly removed long ago. *Cf. Vitarelli v. Seaton, supra* (plaintiff sought an injunction requiring reinstatement to his position in the Department of the Interior); *Service v. Dulles,* 354 U.S. 363, 77 S.Ct. 1152, 1 L.Ed.2d 1403 (1957) (plaintiff sought an order directing the Secretary of State to reinstate him to his employment and former grade in the Foreign Service). Appellant appears to concede as much by his emphasis on being reinstated on the Department's rolls even if he cannot be reinstated to the post he held in Frankfurt over thirty years ago. That telling fact, coupled with the District Court's finding that Mr. Ireland was beyond the age of mandatory retirement, *see supra* note 4 and accompanying text, amply justifies the District Court's sound and sensible exercise of judgment in declining to craft a highly unorthodox equitable remedy.

■ The unorthodoxy of Mr. Ireland's claim for equitable relief brings into sharp relief what this case, properly viewed, is ultimately all about; as we see it, the case eventually boils down to a claim for money damages by virtue of the nonmeaningful nature of the equitable relief that could have been provided.[5] In this respect, we find ourselves in accord with our colleagues in the Tenth and Eighth Circuits who, in analogous circumstances, pierced the pleadings to determine what the respective cases before them were all about. *See Rogers v. Ink,* 766 F.2d 430, 434 (10th Cir., 1985) (although plaintiff sought relief in the form of a declaratory judgment that funding decisions of the Community Services Administration violated applicable law and regulations, "the underlying purpose of the action was to obtain [funds] from the United States"); *Polos v. United States,* 556 F.2d 903, 905 (8th Cir., 1977) (Webster, J.) (a claim for reinstatement and back pay by a former civilian technician of the Arkansas Air National Guard was "essentially [a claim] against the United States for the payment of damages ... within the exclusive jurisdiction of the Court of Claims"). *See also Gordon v. Shoup,* 316 F.2d 683 (D.C.Cir., 1963) (District Court lacked jurisdiction over claim for declaratory relief by former Marine officer concerning pension rights where such declaration would not affect his *future* rights or status). Peering through the fog of pleadings in this case, we see unmistakably the outlines of a claim that properly resides in the United States Claims Court pursuant to the Tucker Act, 28 U.S.C. § 1491 (1982). It is, when all is said and done, Mr. Ireland's entitlement to money damages, if any, that is really at stake in this litigation.

In that regard, however, we are constrained to conclude that the District Court should not have opined as to the probable outcome of any pre-termination hearing had one been afforded to Mr. Ireland. As

sions relied upon by the District Court were applicable to this genre of employees. Without passing on that question, we conclude that appellant has failed to preserve any such point on appeal. His brief states in this respect in rather equivocal fashion that "it is unclear how the mandatory retirement provisions would affect him." Brief of Appellant at 12. No elucidation or argument is provided beyond this unhelpful expression of uncertainty.

5. As previously indicated, Mr. Ireland also seeks declaratory relief. He advanced no such claim before the District Court and did not invoke 28 U.S.C. § 2201. But more fundamentally, his request for declaratory relief suffers from the same defect as his claim for equitable relief. Its utility lies in its ultimately being translated into a claim for money damages. In addition, Mr. Ireland already enjoys the benefit of the District Court's specific finding that he was improperly terminated from employment without the benefit of a pretermination hearing. *See also supra* note 3.

we see it, the present case, properly conceived, should end with the determination that the dispute rightfully lies within the province of the Claims Court. The District Court's conclusion that the outcome of a hearing would not be favorable to Mr. Ireland was, upon analysis, only one of several reasons why the trial court quite correctly chose not to grant equitable relief. However, we are persuaded that the determination of the monetary value that attaches to deprivation of a procedural right—and issues that may flow from such an analysis, *see, e.g., Carey v. Piphus,* 435 U.S. 247, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978) (students suspended from school without procedural due process were entitled to recover only nominal damages absent proof of actual injury)—should be resolved by the court called upon to adjudicate Mr. Ireland's claim, should he mount one, for damages. Accordingly, we vacate that portion of the District Court's opinion discussing the presumed results of any pretermination hearing. In all other respects the judgment is affirmed.

*Judgment accordingly.*