Edwin WERNER, Ken Vesterso, David Erickstad, Ronald Mackey, Archie Hoffman, Arnold Fike, Thomas J. Mann, David Schmiess, Herbert H. Hoffman, David L. Goertzen, Kenneth Simon, Nettie Dick, Walter Melland, Terry L. Johnson, James Novacek, Glynn Larson, George Laturnus, Sherman Severson, Ronald D. Teubner, Alwood Baker, Daniel Shirek, Ronald A. Loewen, Allen Loewen and George Ackre, Appellants,

and

Sherman Severson, Robert Harder, Arlo Hoffman, Kenneth Pollestad, Elmer Weaver, Alfred Eitzen, Newton Lindseth, Kent Vesterso, Kenneth Weaver and Lyle Sager, Appellants,

v.

UNITED STATES DEPARTMENT OF INTERIOR, FISH AND WILDLIFE SERVICE, BUREAU OF SPORT FISHERIES AND WILDLIFE, Appellee.

No. 77–1958.

United States Court of Appeals, Eighth Circuit.

Submitted June 14, 1978.

Decided July 20, 1978.

Albert A. Wolf of Wheeler, Wolf, Wefald & Peterson, Bismarck, N. D., for appellants.

Maryann Walsh, Atty., Dept. of Justice, Washington, D. C., argued; Sanford Sagalkin, Acting Asst. Atty. Gen., Washington, D. C., James R. Britton, U. S. Atty., and Lynn E. Crooks, Asst. U. S. Atty., Fargo, N. D., and Raymond N. Zagone and Kathryn A. Oberly, Attys., Dept. of Justice, Washington, D. C., on brief, for appellee.

Before STEPHENSON, Circuit Judge, INGRAHAM,* Senior Circuit Judge, and HENLEY, Circuit Judge.

STEPHENSON, Circuit Judge.

Appellants are North Dakota landowners who entered into wetland easement agreements with the United States Department of Interior's Fish and Wildlife Service. Appellants brought an action in federal district court[1] seeking injunctive relief against enforcement of the easements, recision of the easements, and damages. After a trial to the court, the district court held that it had no jurisdiction over appellants' equitable claims and dismissed appellants' claim for damages. We affirm.

Appellants own land in an area of North Dakota which is an important breeding ground for ducks and other migratory waterfowl. The land is characterized by poor natural drainage, which often allows water to collect and stand in the vast numbers of natural depressions and potholes. It is this shallow standing water, and the accompanying vegetation, which provide an attractive environment for waterfowl.

To protect and preserve these natural breeding areas, the Fish and Wildlife Service instituted a program of acquiring easements for waterfowl management rights, pursuant to authority granted by 16 U.S.C. § 718d(c). In 1964, appellants or their predecessors in title were approached by Roy Brasch and William Resman, two employees of the Fish and Wildlife Service assigned to negotiate with local landowners to acquire wetlands easements. It is undisputed that in their negotiations with appellants, Brasch and Resman made oral representations to the effect that certain local farming practices, such as the use of plow furrows to drain shallow potholes and the burning of certain sloughs, would still be permitted under the terms of the proposed easements. These oral representations did not accord with the terms of the written easements which appellants and others ultimately signed. Each of the easements contains the following provision:

The parties of the first part, for themselves and for their heirs, successors and assigns, covenant and agree that they will cooperate in the maintenance of the aforesaid lands as a waterfowl production area *by not draining or permitting the draining, through the transfer of appurtenant water rights or otherwise, of any surface water including lakes, ponds, marshes, sloughs, swales, swamps, or potholes, now existing or reoccurring due to natural causes on the above-described tract, by ditching or any other means*; by not filling in with earth or any other material or leveling, any part or portion of the above-described tract on which surface water or marsh vegetation is now existing or thereafter reoccurs due to natural causes; and by not burning any areas covered with marsh vegetation. It is understood and agreed that this indenture imposes no other obligations or restrictions upon the parties of the first part and that neither they nor their successors, assigns, lessees, or any other per-

* The Honorable Joe M. Ingraham, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

1. The Honorable Paul Benson, Chief Judge, United States District Court for the District of North Dakota.

son or party claiming under them shall in any way be restricted from carrying on farming practices such as grazing, hay cutting, plowing, working and cropping wetlands when the same are dry of natural causes, and that they may utilize all of the subject lands in the customary manner except for the draining, filling, leveling, and burning provisions mentioned above. [Emphasis added.]

Appellants claim that they were induced to sell the easements to the Fish and Wildlife Service by the false oral representations of Brasch and Resman. In their reliance on these oral representations, appellants suggest that they either ignored or failed to read the documents they signed which conveyed the easements. Each grant of an easement was accompanied by consideration.[2]

By the late 1960's the Fish and Wildlife Service began enforcement against violations of the waterfowl easements created by certain farming practices. While some landowners complied voluntarily with the requirements of the easements, others refused, prompting litigation.[3] In 1975, the Fish and Wildlife Service also began a program of renegotiating the waterfowl easements in response to revelations concerning the false oral representations admittedly made by Brasch and Resman. Through this program the Fish and Wildlife Service contacted some 487 landowners whose easements had been acquired through the efforts of these negotiators.[4] Appellants are among those landowners who did not accept the Fish and Wildlife Service offer to renegotiate.

2. Although the record does not show the amount of consideration each appellant received, it does reveal that appellant Severson received $2,100 in late 1965 or 1966 for an easement covering 479.96 acres.

3. In *United States v. Albrecht*, 496 F.2d 906 (8th Cir. 1974), one such dispute, this court held that draining surface water from land covered by such waterfowl easements violated the terms of the easements. Accordingly, this court affirmed the grant of a permanent injunction forbidding such draining.

4. To date, approximately 35 of these landowners have renegotiated their easements, with a

At trial,[5] appellants sought relief including recision and cancellation of their easements, injunctive relief against enforcement of the easements by the Fish and Wildlife Service, and damages. Appellants' claim was tried to the court without a jury. In its unpublished memorandum opinion, the district court held that it had no jurisdiction over appellants' equitable claims. The claim for damages was dismissed upon the court's finding that the oral representations of Fish and Wildlife Service negotiators Brasch and Resman were unauthorized and not binding against the government. *Severson, et al. and Werner, et al. v. United States Dep't of Interior*, Nos. A2–75–74 and A2–76–35 (D.N.D. Sept. 23, 1977).

█  The primary basis for jurisdiction asserted by appellants is the Tucker Act, 28 U.S.C. § 1346. The Tucker Act, in pertinent part, provides as follows:

(a) The district courts shall have original jurisdiction, concurrent with the Court of Claims, of:

\*    \*    \*    \*    \*    \*

(2) Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

In actions under the Tucker Act, a district court sits as a court of claims and is there-

number of applications still pending. Those landowners contacted who had not relied on misrepresentations at the time their easements were signed were not allowed to renegotiate their easements.

5. Additional claims by a separate group of landowners who did not claim to have relied upon false oral representations of Fish and Wildlife Service agents were dismissed by the district court on October 21, 1976. By an order dated July 28, 1976, the district court had earlier denied class action certification in this action. Neither order was appealed.

fore limited to suits which may be maintained in the court of claims. *United States v. Sherwood*, 312 U.S. 584, 590–91, 61 S.Ct. 767, 85 L.Ed. 1058 (1941).

Under the Tucker Act, the jurisdiction of a district court has long been construed as limited to actions for money judgments and not to include suits for equitable relief. *Lee v. Thornton*, 420 U.S. 139, 140, 95 S.Ct. 853, 43 L.Ed.2d 85 (1975); *Richardson v. Morris*, 409 U.S. 464, 465, 93 S.Ct. 629, 34 L.Ed.2d 647 (1973). Appellants point out that in certain limited circumstances, equitable relief has been granted under the Tucker Act, where the equitable relief is in aid of or incidental to a money judgment against the United States. *Larinoff v. United States*, 175 U.S.App.D.C. 32, 46, 533 F.2d 1167, 1181 (1976), *aff'd*, 431 U.S. 864, 97 S.Ct. 2150, 53 L.Ed.2d 48 (1977). *See United States v. Milliken Imprinting Co.*, 202 U.S. 168, 173–74, 26 S.Ct. 572, 50 L.Ed. 980 (1906). Under this narrow exception, in an action for damages certain equitable concepts such as recision and reformation may be called upon in order to reach a just result. *Quinalt Allottee Ass'n v. United States*, 453 F.2d 1272, 1274 n. 1, 197 Ct.Cl. 134 (1972). In the present action it cannot be said that the equitable relief appellants seek is merely in aid of or incidental to their action for damages. Rather, appellants' claim for damages is clearly incidental to their primary action for injunctive relief and recision or reformation of the waterfowl easements. Therefore, the district court was correct in finding that it had no jurisdiction under the Tucker Act to grant the equitable relief sought.

Appellants also contend that the Administrative Procedure Act, 5 U.S.C. § 702,[6] provides a basis for jurisdiction. The United States Supreme Court has recently rejected the view that the APA provides an implied grant of independent subject matter jurisdiction for the federal courts. *Califano v. Sanders*, 430 U.S. 99, 105–07, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977). *Accord, Polos v. United States*, 556 F.2d 903, 905 (8th Cir. 1977). Thus, the appellants' claim that the APA provides an independent basis of jurisdiction is without merit.

Finally, appellants argue that 28 U.S.C. § 1361 (the mandamus statute) and 28 U.S.C. § 1331 (the federal question statute) confer jurisdiction for the equitable relief they seek. These arguments were not made to the district court and will not be considered by this court when raised for the first time on appeal. *Katsev v. Coleman*, 530 F.2d 176, 180 (8th Cir. 1976); *Brennan v. Maxey's Yamaha*, 513 F.2d 179, 184 (8th Cir. 1975); *Prairie Band of Pottawatomie Tribe of Indians v. Puckkee*, 321 F.2d 767, 770–71 (10th Cir. 1963).[7]

We turn now to the issue of damages. Appellants' claim for damages, although jurisdictionally sound under the Tucker Act, was dismissed by the district court after trial. The district court, as the trier of fact, found that the oral representations of Brasch and Resman, upon which appellants relied, were not authorized by the Fish and Wildlife Service. *Severson and Werner, supra.*

Findings of fact by the district court are entitled to great weight, and this court

---

6. 5 U.S.C. § 702 provides in pertinent part:
    Right of review
    A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party. * *

    Nothing herein (1) affects other limitations on judicial review or the power or duty of the court to dismiss any action or deny relief on any other appropriate legal or equitable ground; or (2) confers authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought.

7. Even if these arguments had been made in the district court, there is serious question as to the use of either statute as a source of jurisdiction in the case at bar. *See Polos v. United States, supra*, 556 F.2d at 905 n.5.

must accept them unless they are clearly erroneous. Fed.R.Civ.P. 52(a); *see Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 123, 89 S.Ct. 1562, 23 L.Ed.2d 129 (1969); *Di Salvo v. Chamber of Commerce of Greater Kansas City*, 568 F.2d 593, 596 (8th Cir. 1978). It is undisputed that the oral representations of Fish and Wildlife Service negotiators Brasch and Resman were contrary to the express written terms of the wetlands easements. Further, the district court found that the oral representations of Brasch and Resman were unauthorized. We are satisfied that this finding is not clearly erroneous.

It is well established that the United States is not bound by the unauthorized acts or representations of its agents. *Federal Crop Ins. Corp. v. Merrill*, 332 U.S. 380, 384, 68 S.Ct. 1, 92 L.Ed. 10 (1947); *Albrechtsen v. Andrus*, 570 F.2d 906, 909–10 (10th Cir. 1978); *United States v. Crance*, 341 F.2d 161, 166 (8th Cir. 1965). As Mr. Justice Frankfurter noted in *Federal Crop Ins. Corp. v. Merrill, supra*, 332 U.S. at 384, 68 S.Ct. at 3: "Whatever form in which the Government functions, anyone entering into an agreement with the Government takes the risk of having accurately ascertained that he who purports to act for the Government stays within the bounds of his authority." Appellants took this risk when they signed written easements containing express terms contrary to their oral understandings. We therefore find that the dismissal of appellants' claim for damages was proper.

Accordingly, the judgment of the district court is affirmed.