**Ona DeVILBISS, as President of the Tama Beach Home Owners Association, et al., on behalf of themselves and all other people similarly situated, Appellants,**

v.

**SMALL BUSINESS ADMINISTRATION, Richard Germain, M. E. Jansma and the United States of America, Appellees.**

**No. 81–1212.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 12, 1981.

Decided Oct. 19, 1981.

---

Steven S. Hoth, argued, Hirsch, Link, Adams, Hoth & Krekel, Burlington, Iowa, for appellants.

Thomas S. Martin, Acting Asst. Atty. Gen., Washington, D. C., Roxanne B. Conlin, U. S. Atty., Christopher D. Hagen, Asst. U. S. Atty., Des Moines, Iowa, Jeffrey Axelrad, Atty., Civ. Div., U. S. Dept. of Justice, argued, Washington, D. C., for appellees.

Before HEANEY and STEPHENSON, Circuit Judges, and OLIVER,* Senior District Judge.

PER CURIAM.

The district court[1] granted summary judgment in favor of the defendant-appellee Small Business Administration (SBA). The single issue on appeal is whether the plaintiffs may maintain an action under the Tucker Act, 28 U.S.C. § 1346(a), for damages arising out of the SBA's denial of the plaintiffs' claims for disaster loan assistance.

Property owned by the plaintiffs near Burlington, Iowa, was damaged when the Mississippi River flooded in May 1973. The plaintiffs allege that they began to repair their property based upon the representations of an SBA employee that they were eligible for disaster assistance. Despite these representations, it was later determined that the plaintiffs were not eligible and their claims were eventually denied by the SBA.

The plaintiffs brought suit against the SBA asserting that its refusal to provide loan assistance constituted a deprivation of property without due process and a violation of equal protection. The plaintiffs also assert that they alleged that the SBA agent's representations created an implied contract. These claims were brought pursuant to the Tucker Act and 28 U.S.C. § 1331(a).[2]

The district court concluded that the Tucker Act claims should be rejected for two reasons. First, the court ruled that it

---

1. The Honorable William C. Stuart, United States District Judge for the Southern District of Iowa, presiding.

2. Other theories of relief were made but are not raised on appeal.

could not consider plaintiffs' due process and equal protection claims asserted pursuant to the Tucker Act because these provisions standing alone do not mandate compensation by the government for the alleged damage sustained. Concerning section 1331(a), the district court concluded that "there is no express waiver of sovereign immunity found in the relied-upon constitutional provisions or any applicable federal statute for the claims being asserted. Therefore, the plaintiffs' constitutional claims predicated upon federal question jurisdiction pursuant to 28 U.S.C. § 1331(a) are barred by the doctrine of sovereign immunity."

 The principle is well settled that the United States is not bound by the unauthorized acts or representations of its agents. *Werner v. United States Department of Interior*, 581 F.2d 168, 172 (8th Cir. 1978). *See Federal Crop Insurance Corp. v. Merrill*, 332 U.S. 380, 384–85, 68 S.Ct. 1, 3, 92 L.Ed. 10 (1947). In this case the SBA officials who spoke to the plaintiffs had no authority to approve disaster loan applications. *See* 38 Fed.Reg. 8022 (March 27, 1973); 37 Fed. Reg. 21466 (October 11, 1972). Thus, no express or implied contract is presented.[3]

 Further, as the district court concluded, the Tucker Act and section 1331 are merely jurisdictional. These statutes do not create any substantive right enforceable against the United States for money damages. *United States v. Testan*, 424 U.S. 392, 400–02, 96 S.Ct. 948, 954–55, 47 L.Ed.2d 114 (1976); *Duarte v. United States*, 532 F.2d 850 (2d Cir. 1976); *Twin Cities Chippewa Tribal Council v. Minnesota Chippewa Tribe*, 370 F.2d 529, 531–32 (8th Cir. 1967). *See also Kirk v. United States*, 451 F.2d 690 (10th Cir. 1971), *cert. denied*, 406 U.S. 963, 92 S.Ct. 2059, 32 L.Ed.2d 350 (1977); *Knight Newspapers, Inc. v. United States*, 395 F.2d 353 (6th Cir. 1968). The result is inescapable that the Tucker Act and section 1331 do not authorize this suit against the federal government where there is no waiver of sovereign immunity.

---

3. The SBA also asserts that the complaint did not allege a contract. We need not decide this

Therefore, this court has concluded that the judgment in the court below was proper in all respects.

Affirmed.

issue in view of our holding.