644 F.Supp. 178 (1986)
JEFFERSON COUNTY, MISSOURI, et al., Plaintiffs,
v.
UNITED STATES of America, et al., Defendants.
No. 85-935C(1).
United States District Court, E.D. Missouri, E.D.
September 10, 1986.
*179 John W. Hammon, Anderson, Hammon, Dieffenbach & Schnaare, Hillsboro, Mo., for plaintiffs Jefferson County and Larry Webb.
Larry Webb, pro se.
Jill Newman, Asst. U.S. Atty., St. Louis, Mo., J. Scott Pemberton, Asst. Regional Counsel, Office of Regional Counsel, U.S. Environmental Protection Agency, Region VII, Kansas City, Mo., for defendant Environmental Protection Agency of the U.S.
Richard C. Witzel, St. Louis, Mo., for defendant Riedel Intern.
David Taylor, Asst. Atty. Gen., Jefferson City, Mo., for defendant State of Mo.
Scott E. Slaughter, Environmental Defense Section, U.S. Dept. of Justice, Washington, D.C., for the U.S.

MEMORANDUM
NANGLE, Chief Judge.
This case is now before this Court on the motions of the defendants, the United States and the State of Missouri, to dismiss for lack of subject matter jurisdiction or, in the alternative, for summary judgment. This Court dismisses plaintiffs' complaint for lack of subject matter jurisdiction.
This case arises out of the clean-up efforts of the United States and the State of Missouri to remove dioxin-contaminated soil from the Minker/Stout/Romaine Creek site in Jefferson County, Missouri. In 1973, several residential properties located in this area became contaminated when dirt from the Bubbling Springs Horse Arena was used as fill material. Currently, the Environmental Protection Agency (EPA) is moving dioxin-contaminated dirt from the Cashell and Sullins properties to the Minker property, another area on the contaminated *180 site. The soil is being temporarily stored on the Minker property until a permanent remedy can be implemented. The EPA is conducting these activities as a removal action under Section 104 of the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), 42 U.S.C. § 9604 (1984). The State of Missouri now owns the Minker property.
Plaintiff Larry Webb owns property near the clean-up site. Plaintiff seeks the following injunctive relief: (1) an injunction against the transport of hazardous substances along the public highways of Jefferson County  specifically, prohibiting the transport of any hazardous substance to the Minker property; (2) an injunction requiring the state to remove contaminated dirt being stored on the Minker property; (3) an injunction requiring the United States and Missouri to conduct engineering studies and hold public hearings regarding the clean-up actions at the site; (4) an injunction requiring the United States and Missouri to stop potential hazardous releases; and (5) an order directing the United States to offer to purchase real and personal property owned by residents near the Minker site.[1] Plaintiff predicates these claims for injunctive relief upon violations of Missouri law and the CERCLA statute. These violations include the moving and storage of hazardous substances without a state permit, failing to conduct public hearings and perform geological studies, and releasing or creating the potential for release of hazardous wastes at the Minker site.
As the United States argues, this Court lacks subject matter jurisdiction over this action. Plaintiff responds that jurisdiction is granted by CERCLA, the Administrative Procedure Act (APA), and the general grant of federal jurisdiction of 28 U.S.C. § 1331. After examining each of these provisions, this Court concludes that there is no subject matter jurisdiction over plaintiff's action.
In passing on a motion to dismiss, a court is required to view the facts alleged in the complaint in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). A motion to dismiss will not be granted merely because the complaint does not state every element necessary for recovery with precision. 5 Wright & Miller, Federal Practice and Procedure § 1216 at 120 (1969). A complaint is sufficient if it "contain[s] allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." Id. at 122-23. A complaint should not be dismissed unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46, 78 S.Ct. at 101-102. Regarding subject matter jurisdiction, federal courts are courts of limited jurisdiction. Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 374, 98 S.Ct. 2396, 2402, 57 L.Ed.2d 274 (1978). Therefore, the plaintiff bears the burden of pleading and establishing federal jurisdiction. Ray v. Bird and Son and Asset Realization Co., Inc., 519 F.2d 1081, 1082 (5th Cir.1975).
Subject matter jurisdiction for judicial review of agency action may be based potentially upon either the specific statute authorizing the action or general federal question jurisdiction. In this case, CERCLA, the authorizing statute, provides neither an express procedure for judicial review of remedial actions undertaken by the EPA under 42 U.S.C. § 9604 nor a private cause of action against the EPA for failure to execute any non-discretionary provisions of the Act. Luckie v. Gorsuch, 13 Envt.L. Rept. 2400 (D.Ariz.1983); McCastle v. Rollins *181 Environmental Services, 514 F.Supp. 936, 940 (M.D.La.1981); Bartlett Landfill, Inc. v. Comeford, No. 80-5785 (N.D.Ill. January 27, 1981). Thus, CERCLA does not provide subject matter jurisdiction for the relief plaintiff seeks.[2]
The Court must also consider whether the general grant of jurisdiction over federal questions provides jurisdiction for plaintiff's action. Section 1331 grants federal district courts original subject matter jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States. Here, plaintiff's action turns upon the interpretation of CERCLA and, thus, raises a substantial federal question. See Wheeldin v. Wheeler, 373 U.S. 647, 649, 83 S.Ct. 1441, 1443, 10 L.Ed.2d 605 (1963); Bell v. Hood, 327 U.S. 678, 685, 66 S.Ct. 773, 777, 90 L.Ed. 939 (1946). Nevertheless, § 1331 does not, of its own force, waive the federal government's sovereign immunity from suit. DeVilbiss v. Small Business Administration, 661 F.2d 716, 718 (8th Cir.1981).
In the absence of an express waiver of immunity by Congress, suits against the United States are barred by the doctrine of sovereign immunity. Block v. North Dakota ex rel. Board of University and School Lands, 461 U.S. 273, 280, 103 S.Ct. 1811, 1816, 75 L.Ed.2d 840 (1983). Similarly, suits against a federal agency are barred. See Gnotta v. United States, 415 F.2d 1271, 1277 (8th Cir.1969), cert. denied, 397 U.S. 934, 90 S.Ct. 941, 25 L.Ed.2d 115 (1970). This bar is jurisdictional  that is, unless a statutory waiver exists, the district court lacks jurisdiction to entertain a suit against the United States or its agency. United States v. Sherwood, 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941); United States v. 3317.39 Acres of Land, 443 F.2d 104, 106 (8th Cir.1971), cert. denied, 404 U.S. 1025, 92 S.Ct. 674, 30 L.Ed.2d 675 (1972).
A waiver of sovereign immunity may be found in the authorizing statute, as for example in a provision for the agency to sue and be sued, or in the general provisions for judicial review in the Administrative Procedure Act (APA). CERCLA does not provide a waiver of sovereign immunity encompassing plaintiff's cause of action. Section 9607(g) provides that each unit of the federal government shall be subject to and comply with CERCLA and would appear to waive sovereign immunity. However, this section authorizes only actions otherwise provided by the statute. Thus, § 9607(g) does not authorize private suits for injunctive relief against the EPA. See B.R. Mackay and Sons, Inc. v. United States, 633 F.Supp. 1290, 1296 n. 9 (D. Utah 1986). Similarly, though § 9613(b) provides the district courts with original jurisdiction over all controversies arising under CERCLA, this section does not operate to waive sovereign immunity or grant jurisdiction for actions not authorized under CERCLA. 633 F.Supp. at 1296.
Plaintiff also predicates jurisdiction upon the APA. The APA is not an independent basis for subject matter jurisdiction. Califano v. Sanders, 430 U.S. 99, 105, 97 S.Ct. 980, 984, 51 L.Ed.2d 192 (1977). Rather, the APA waives sovereign immunity for suits seeking non-monetary relief from agency action. Section 702 of the APA provides generally for judicial review of agency action. However, this waiver is limited by § 701. Thus, sovereign immunity is not waived where (1) a statute precludes review or (2) the injurious action is committed by law to agency discretion. 5 U.S.C. § 701; see 14 C. Wright & A. Miller, Federal Practice and Procedure § 3659 (1985). Thus, this Court must consider whether CERCLA precludes judicial review of remedial actions taken by the EPA.
As the Supreme Court noted in Block v. Community Nutrition Institute, 467 U.S. 340, 345, 104 S.Ct. 2450, 2454, 81 L.Ed.2d 270 (1984),
[w]hether and to what extent a particular statute precludes judicial review is determined *182 not only from its express language, but also from the structure of the statutory scheme, its objectives, its legislative history, the nature of the administrative action involved.
The Government cites a number of cases holding that a potentially liable party may not judicially challenge the amount or fact of liability until the EPA files suit for reimbursement of costs under § 9607 of CERCLA. E.g., Wheaton Industries v. EPA, 781 F.2d 354, 357 (3d Cir.1986); Lone Pine Steering Committee v. EPA, 777 F.2d 882, 887 (3d Cir.1985); Mackay, 633 F.Supp. at 1297. As these courts reasoned, judicial review of agency clean-up activities would hinder and delay the hazardous waste disposal. This delay would be inconsistent with the intent of Congress to allow swift clean-up actions. In the instant case, the plaintiff is not a potentially liable party who can seek review through a cost-recovery suit. Nevertheless, the concern for hindering or delaying EPA action applies with equal force to the injunctive relief sought by the instant plaintiff. Thus, this Court finds that CERCLA precludes judicial review of the removal actions undertaken by the EPA at the Minker/Stout/Romaine Creek site.
Alternatively, this Court must consider whether the alleged injurious actions are not reviewable because they are committed to agency discretion. Under the APA, agency action is not reviewable if the statute is drawn in such broad terms that in a given case there is no law to apply. Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 410, 91 S.Ct. 814, 820, 28 L.Ed.2d 136 (1971). As the Supreme Court noted in Heckler v. Chaney, 470 U.S. 821, 105 S.Ct. 1649, 1655, 84 L.Ed.2d 714 (1985), "if no judicially manageable standards are available for judging how and when an agency should exercise its discretion then it is impossible to evaluate agency action for `abuse of discretion'."
As plaintiff contends, the actions of the EPA are contrary to law because EPA failed to obtain permits required by 42 U.S.C. § 9604(c)(3)(B) the Solid Waste Disposal Act, and Missouri law. This argument fails for two reasons. First, the removal actions at issue have all occurred on one "site" as designated by the EPA under § 9604(d)(4) and the National Contingency Plan (NCP). Because § 9604(c)(3)(B) requires a permit only for off-site remedial actions, no permit is required for the challenged on-site removal actions. Plaintiff does not challenge the agency's designation of the noncontiguous properties as a single site or the agency's decision to conduct a removal action rather than a remedial action. Compare 42 U.S.C. § 9601(23) (defining removal actions as those immediate and temporary acts taken in the event of a threat of release of hazardous substances and to the environment) with 42 U.S.C. § 9601(24) (defining remedial actions as those acts consistent with a permanent remedy taken instead of or in addition to removal actions). Second, new regulations promulgated under 42 U.S.C. § 9605 obviate the necessity of EPA compliance with federal and state permit laws. On November 20, 1985, EPA promulgated the final revised NCP regulations. 50 Fed.Reg. 47912-79 (1985) (to be codified at 40 C.F.R. Part 300). On February 18, 1986, these amended regulations took effect. Section 300.65(f) of the revised NCP provides that removal actions financed by the Superfund or pursuant to 42 U.S.C. § 9606 are not required to comply with other Federal, State, and local laws governing the removal activity, including permit requirements. This new regulation resolves any ambiguity regarding the necessity of the EPA to obtain federal, state or local permits. As 42 U.S.C. § 9613(a) provides, the revised NCP is reviewable only in the United States Court of Appeals for the District of Columbia Circuit. Though currently under challenge in that court, the revised NCP remains in force. Therefore, this Court has no law to apply in reviewing the EPA's clean-up actions.
In sum, this Court concludes that this action lacks subject matter jurisdiction because (1) CERCLA does not grant jurisdiction, (2) CERCLA does not waive the United States' sovereign immunity, and (3) the *183 APA does not waive such immunity. Accordingly, the defendants' motions to dismiss are granted.
NOTES
[1] Originally, another property owner and Jefferson County, Missouri were additional plaintiffs to this lawsuit. They have now settled with defendants. The dismissal of Jefferson County raises issues regarding defendant Webb's standing to seek certain requested relief. Because this Court dismisses for lack of subject matter jurisdiction, this Court does not reach these issues.
[2] CERCLA does grant jurisdiction for review of National Contingency Plan (NCP) regulations promulgated under 42 U.S.C. § 9605. Jurisdiction for such review lies exclusively in the Court of Appeals for the District of Columbia Circuit. 42 U.S.C. § 9613(a).