STATE OF NEW JERSEY DEPART-
MENT OF ENVIRONMENTAL
PROTECTION, Plaintiff,

v.

GLOUCESTER ENVIRONMENTAL
MANAGEMENT SERVICES, INC., An-
thony Amadei, individually, David Ehr-
lich, individually, Richard Winn, indi-
vidually, and Dennis Dubin, individual-
ly, Defendants.

and

GLOUCESTER ENVIRONMENTAL
MANAGEMENT SERVICES, INC., An-
thony Amadei, individually and Rich-
ard Winn, individually, Third Party
Plaintiffs,

v.

TOWNSHIP OF GLOUCESTER, a munic-
ipal corporation of the State of New
Jersey, and GEPPERT BROS., INC., a
Pennsylvania corporation, Third Party
Defendants.

and

TOWNSHIP OF GLOUCESTER, a mu-
nicipal corporation of the State of
New Jersey, Third Party Plaintiff,

v.

CITY AND COUNTY OF PHILADEL-
PHIA, Curtis T. Bedwell & Sons, Inc.,
Anthony Amadei Sand & Gravel, Inc.,
Sidney Liss, individually, David Ehr-
lich, individually, Michael Disko, indi-
vidually, Jack M. Liss, individually,
Rocco J. Fanelle, individually, Dennis
Dubin, individually, New Jersey De-
partment of Environmental Protection,
Public Utilities Commissioners of the
State of New Jersey, Gloucester Town-
ship Municipal Utilities Authority,
Rohm & Haas, Inc., ABC and/or ABC,
Inc., John Doe and/or John Doe, Inc.,
William Hoe and/or William Hoe, Inc.,
Third Party Defendants.

Civ. A. No. 84–0152(SSB).

United States District Court,
D. New Jersey.

Aug. 20, 1987.

W. Cary Edwards, Atty. Gen. of New
Jersey by Marty M. Judge, Deputy Atty.
Gen., Richard J. Hughes Justice Complex,
Trenton, N.J., for plaintiff.

Samuel A. Alito, Jr., U.S. Atty., James C.
Woods, Sp. Asst. U.S. Atty., Newark, N.J.,
for U.S., making a special appearance in
opposition to motion.

Morgan, Melhuish, Monaghan, Arbidson
Abrutyn & Lisowski, Livingston, N.J., for
INA.

Parker, McCay & Criscuolo by David A. Parker, Marlton, N.J., for G.E.M.S., Anthony Amadei, David Ehrlich, Richard Winn, Dennis Dubin.

Edelstein & Bernstein by Nathan M. Edelstein, Lawrenceville, N.J., for Gloucester Twp. MUA.

Lowenstein, Sandler, Brochin, Kohl, Fisher, Boylan & Meanor by James Stewart, Roseland, N.J., for E.I. duPont de Nemours & Co.

Schaff, Motiuk, Gladstone, Conley, Moeller & Ligorano by I. Leo Motiuk, Flemington, N.J., Skadden, Arps, Slate, Meagher & Flom by James A. Rogers, Daniel H. Squire, Washington, D.C., for Owens-Corning Fiberglas Corp.

Davis, Reberkenny & Abramowitz by Kenneth D. Roth, Cherry Hill, N.J., for Rohm & Haas.

Sterns, Herbert & Weinroth by William J. Bigham, Trenton, N.J., Kenny & Kearney by John B. Kearney, Cherry Hill, N.J., for Amadei Sand & Gravel, Inc. & Anthony Amadei as an officer of Amadei Sand & Gravel, Inc.

Griffith, Burr, Angelini & Viniar by James W. Christie, Woodbury, N.J., Freedman, Levy, Kroll & Simonds by Richard G. Stoll, David B. Graham, Washington, D.C., for Gloucester Tp.

Brandt, Haughey, Penberthy, Lewis & Hyland by William E. Cox, Moorestown, N.J., for Dolan Demolition Contractors, Inc.

Warren, Goldberg, Berman & Lubitz by Martin K. Indik, Princeton, N.J., for Air Products & Chemicals, Inc.

Pitney, Hardin, Kipp & Szuch by Robert G. Rose, Morristown, N.J., for American Can Co.

Duane, Morris & Heckscher by Frank A. Luchak, Princeton, N.J., for Gilbert Spruance Co.

Cahill, Wilinski & Cahill by Daniel M. Baker, Haddonfield, N.J., for DeSoto, Inc., Philadelphia Newspapers, Inc., Triangle Publications, Inc.

Greenblatt & Riesenburger, P.A., Vineland, N.J., for Vineland Chemical Co.

E. Allen Nickerson, P.C., Blackwood, N.J., for Modern Way Refuse-Container Service.

Archer & Greiner by Charles Lee Harp, Jr., Haddonfield, N.J., for Certainteed Corp.

Archer & Greiner by Edward C. Laird, Haddonfield, N.J., for Morton Thiokol, Inc.

Brandt, Haughey, Penberthy, Lewis & Hyland, Moorestown, N.J., for SCM Corp.

Liebert, Short, Fitzpatrick & Hirshlan by Lori R. Olitsky, Haddonfield, N.J., for DeSoto, Inc.

Marks, Kent & O'Neill, P.C. by Vincent F. Reilly, Haddonfield, N.J., for Triangle Publications, Inc.

Deasey, Mahoney & Bender, Ltd. by James L. McKenna, Haddonfield, N.J., for General Metalcraft, Inc.

William F. Sutton, Voorhees, N.J., for City of Philadelphia.

Montano, Summers, Mullen, Manuel & Owens by Arthur Montano, Westmont, N.J., for S-J Transp. Co.

Horuvitz, Perlow, Morris & Baker by Theodore E. Baker, Bridgeton, N.J., for American Inks & Coatings Corp.

Albertson, Ward & McCaffrey by Jeffrey G. Albertson, Woodbury, N.J., for Wm. D. Wynn Contractors, Inc.

Crummy, Del Deo, Dolan, Griffinger & Vecchione by Susan Peticolas, Newark, N.J., for N.L. Industries, Inc., Sherwin-Williams, Co., Inc.

Budd, Larner, Gross, Picillo, Rosenbaum, Greenberg & Sade, P.C. by Mark D. Larner, Short Hills, N.J., for Waste Automation Corp.

Carton, Nary, Witt & Arvanitis by H. Frank Carpentier, Asbury Park, N.J., for Herman Liedtka, Inc.

Schuenemann, Gercke & Dumser by John R. Bercke, Cherry Hill, N.J., for Modern Way Refuse-Containers Services, Inc.

George J. Lavin, Jr. Assoc. by Frederick W. Rom, Cherry Hill, N.J., for Kewanee Industries, Inc.

Cooper, Perskie, April, Niedelman, Wagenheim & Weiss, Atlantic City, N.J., for M.A. Bruder & Sons, Inc.

Wilson, Elser, Moskowitz, Edelman & Dicker by Matthews S. Slowinski, Newark, N.J., for Manor Care, Inc., Almo Anti-Pollution Services, Corp., Almo Tank Cleaners & Maintenance Co.

Montano, Summers, Mullen, Manuel & Owens by Mark R. Sander, Westmont, N.J., for Geppert Bros., Inc.

Rawle & Henderson by Tina L. Nugent, Jean M. Helfin, Marlton, N.J., for Leksi, Inc. (Sartomer Resins, Inc.).

Schuenemann, Gercke & Dumser by John R. Gercke, Cherry Hill, N.J., for Modern Way.

Sills, Beck, Cummis, Zuckerman, Radin, Tischman & Epstein, P.A. by Robert M. Axelrod, Newark, N.J., for Joyce International, Inc.

Greenstone & Sokol by Steven J. Picco, Trenton, N.J., for Shell Oil Co.

Green, Lundgren & Ryan by Francis X. Ryan, Haddonfield, N.J., for Daubert Industries, Inc.

Murphy & O'Connor by Barbara A. Frasco, Haddonfield, N.J., for H. John Homan Co., Inc.

## OPINION

BROTMAN, District Judge:

This matter comes before the court on the motion of defendants Owens-Corning, Township of Gloucester, and Rohm & Haas, ("Moving Defendants"), to join the United States Environmental Protection Agency ("EPA") as a party pursuant to Fed.R.Civ.P. 19(a).[1] The United States made a special appearance to oppose the motion. This court believes that the EPA's participation in settlement negotiations would be highly beneficial to the litigants in this action and other actions related to the Gloucester landfill. However, for the reasons stated below, EPA cannot be formally joined as a party.[2] This court has jurisdiction over this matter pursuant to a removal petition, 28 U.S.C. § 1441, of the United States, 28 U.S.C. § 1346.

■ "The question of when the United States must be joined is closely connected with the doctrine of sovereign immunity." 7 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure: Civil 2d* § 1617 at 247 (2d ed 1986) (footnote omitted). At an earlier stage of this litigation the United States was dismissed as a party under the doctrine of sovereign immunity. *NJDEP v. GEMS,* No. 83–4616, slip op. at 5 (D.N.J. August 1, 1984). After reviewing the submissions and oral arguments of the parties pertaining to the joinder motion, the court finds that the sovereign immunity doctrine continues to be the determinitive factor in analyzing joinder under Rule 19 and the applicable federal statute, the Comprehensive Environmental Response Compensation and Liability Act ("CERCLA or the Act"), 42 U.S.C. § 9601 *et seq.*

---

1. Fed.R.Civ.P. 19(a), in pertinent part, provides: **(a) Persons to be Joined if Feasible.** A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and joinder of that party would render the venue of the action improper, that party shall be dismissed from the action.

2. In the interests of promoting an efficient resolution to litigation surrounding the clean-up, the EPA has already expressed a willingness to participate in settlement discussions on a voluntary basis. *See* Memorandum in Opposition to Motion at 6, 10, and 11. The court invites the EPA to participate fully as a party for settlement purposes. Such participation will enhance the efficiency of all pre-trial activities.

"It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212, 103 S.Ct. 2961, 2965, 77 L.Ed.2d 580 (1983) (footnote omitted). Congressional consent to be sued must be explicit in the statute. *Block v. North Dakota*, 461 U.S. 273, 288, 103 S.Ct. 1811, 1820, 75 L.Ed.2d 840 (1983). Courts examining the limited waiver of sovereign immunity under CERCLA, § 9607(g), have found that the Act does not waive sovereign immunity. *Missouri v. Independent Chemical Corp.*, No. 83–2670, slip op. at 3 (E.D.Mo.1986) [Available on WESTLAW, DCT database]; *see also Jefferson County v. United States*, 644 F.Supp. 178, 181 (E.D.Mo.1986); *B.B. Mackay v. United States*, 633 F.Supp. 1290, 1296 n. 9 (D.Utah 1986). The limited waiver in the Act allows for the United States to be sued if liable, but there is no basis for such an allegation against EPA in the record. Section 701 of the Administrative Procedure Act also does not provide a waiver of sovereign immunity. *Independent Chemical*, slip op. at 3–4. Therefore the court finds that the sovereign immunity doctrine stands as a bar to the Moving Defendants' motion. The motion is denied.

▮ In response to the argument that the doctrine of sovereign immunity does not pertain to the case at bar because joinder of the United States would be as an involuntary plaintiff as opposed to as a defendant, the court finds that joinder is still inappropriate. The EPA's prosecutorial discretion in taking enforcement actions is presumptively immune from judicial review. *See Heckler v. Chaney*, 470 U.S. 821, 105 S.Ct. 1649, 1655–57, 1659, 84 L.Ed.2d 714 (1985) (The *Heckler* Court's discussion of the Administrative Procedure Act, 5 U.S.C. § 701(a)(2) finds that judicial review is not available for agency refusals to take enforcement actions.). The EPA's decision as to the timing of an enforcement action is one within its discretion. *United States v. Western Processing*, No. C83–252 M, slip op. (W.D.Wash. February 19, 1986). [Available on WESTLAW, DCT database]

The court retains its strong interest in promoting efficient pre-trial discussions and information exchange. There can be no doubt that EPA has much to contribute to this process. EPA has placed the Gloucester landfill site on its "National Priorities List" and has carried out a response action, remedial investigation, and feasibility study of the site, pursuant to a Cooperative Agreement for clean-up with the New Jersey Department of Environmental Protection ("NJDEP"). EPA's stated purpose in entering such an agreement was to allow "the two sovereigns to use their resources efficiently." Both EPA's legal authority to mandate clean-up and their scientific expertise underlie the necessity of their participation in resolving the present clean-up litigation.

The policy of pursuing settlements under CERCLA is "encouraged both by statutory provisions and by a number of practical considerations." Note, *Developments In the Law-Toxic Waste Litigation*, 99 Harv. L.Rev. 1458, 1504–05 (1986). This is merely one application of a general public policy favoring settlements without litigation. *See Read v. Baker*, 438 F.Supp. 732, 735 (D.Del.1977). The trial court has inherent power to facilitate settlement of pending litigation. *Wood v. Virginia Hauling Co.*, 528 F.2d 423, 425 (4th Cir.1975). The value of settlement lies in the ability to make compensation available promptly. *See In re Agent Orange Product Liability Litigation*, 611 F.Supp. 1396 (E.D.N.Y.1985). A failure of the EPA to voluntarily participate fully in pre-trial activities could lead to delay and duplication. All parties and the EPA will benefit from the Agency's participation. An appropriate order will follow.

### ORDER

This matter having come before the court on motion of defendants to join the United States Environmental Protection Agency as a party, pursuant to Fed.R. Civ.P. 19; and

This court having reviewed the submissions and oral arguments of the parties; and

For the reasons stated in this court's opinion filed this date;

IT IS on this 20th day of August, 1987, ORDERED that the motion of defendants to join the United States Environmental Protection Agency as a party, pursuant to Fed.R.Civ.P. 19, is DENIED.[1]

No costs.

---

1. The court will continue to notify the EPA of all pre-trial activities to assist EPA's voluntary participation in this matter.